UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN WILLIAM COLE,

    Petitioner,

v.

    Case No. 2:23-CV-12870
    HONORABLE NANCY G. EDMUNDS

RANDEE REWERTS,

    Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Ryan William Cole, ("petitioner"), confined at the Carson City Correctional Facility in Carson City, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for third-degree criminal sexual conduct (CSC III), and using a computer to commit a crime, Mich. Comp. Laws §§ 752.796, 752.797(3)(3). For the reasons stated below, the application for a writ of habeas corpus is SUMMARILY DISMISSED WITHOUT PREJUDICE.

**I. Background**

Petitioner pleaded guilty to the above offenses in the Lenawee County Circuit Court as part of a plea bargain and was sentenced to consecutive sentences of 95 to 180 months' imprisonment for CSC-III, and 57 to 120 months' imprisonment for the computer-crime offense.

1

Petitioner's conviction was affirmed on appeal. *People v. Cole*, No. 358785, 2022 WL 43930020 (Mich. Ct. App. Sept. 22, 2022)(Jansen, J., dissenting), *lv. den.* 994 N.W.2d788 (Mich. 2023).

On November 3, 2023, petitioner filed a petition for a writ of habeas corpus with this Court.[1] Petitioner seeks a writ of habeas corpus on the following grounds: (1) the trial judge erred in using the offense variables that were applicable only to the criminal sexual conduct charge to score petitioner's sentencing guidelines for the computer crime, and (2) the prosecutor included consecutive sentencing in the plea bargain based on the computer related crime, when there were no facts establishing that petitioner used any electronic device to commit the criminal sexual conduct.

## II.  Discussion

The petition is subject to dismissal because petitioner's second claim, by his own admission, has yet to be fully exhausted with the state courts.

A state prisoner who seeks federal habeas relief is first required to exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  Federal district courts must dismiss mixed habeas petitions which include both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he exhausted his state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

---

[1]Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on November 3, 2023, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

Petitioner admits in his petition that he raised his second claim only for the first time in his application for leave to appeal to the Michigan Supreme Court. (ECF No. 1, PageID.7). Petitioner has attached to his petition his application for leave to appeal, which shows that he raised this claim as a new issue in his application before the Michigan Supreme Court. (ECF No. 1, PageID.33).

Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Petitioner failed to present his second claim on his direct appeal with the Michigan Court of Appeals, thus, his subsequent presentation of this claim to the Michigan Supreme Court does not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore,* 425 F. App'x 491, 494 (6th Cir. 2011); *Farley v. Lafler,* 193 F. App'x 543, 549 (6th Cir. 2006).

Petitioner has an available state court remedy with which to exhaust his claim. Petitioner could exhaust his claims by filing a post-conviction motion for relief from judgment with the Lenawee County Circuit Court under Michigan Court Rule 6.500, *et. seq*. and appealing any denial of the motion to the Michigan appellate courts. *See Wagner v. Smith,* 581 F.3d 410, 419 (6th Cir. 2009).

Although a district court can stay a mixed habeas petition containing unexhausted claims to allow the petitioner to present his unexhausted claims to the state court, *See Rhines v. Weber,* 544 U.S. 269 (2005), a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because there are no exceptional or unusual circumstances present that justify holding the petition for a writ of habeas corpus in abeyance pending petitioner's return to the state courts to exhaust, rather than dismissing

it without prejudice. The Michigan Supreme Court denied petitioner's application for leave to appeal on September 22, 2023. However, the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) for filing habeas petitions did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) starts running not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period to seek certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). If petitioner does not seek a writ of certiorari with the United States Supreme Court, his judgment will become final, for the purpose of commencing the running of the one-year limitations period, on December 21, 2023. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed the petition with this Court on November 3, 2023, before petitioner's conviction became final with the state courts. This Court is dismissing the petition without delay so that petitioner can return to the state courts to exhaust his claim. 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner. Because petitioner has an entire year remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of petitioner's state post-conviction proceedings, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal

forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).

### III.  Conclusion

The Court will summarily dismiss the petition for a writ of habeas corpus without prejudice.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability, because jurists of reason would not debate this Court's conclusion that the petition is subject to dismissal because petitioner failed to exhaust his state-court remedies. *See Jones v. Carl*, 605 F. Supp. 3d 1012, 1020 (E.D. Mich. 2022).  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

5

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is SUMMARILY DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED That a Certificate of Appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner will be DENIED leave to appeal *in forma pauperis*.

Dated:  November 28, 2023

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE